```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF ALABAMA
                    SOUTHERN DIVISION
```

ANDRE DEON JONES, # 240139,       *
                                  *
    Plaintiff,                    *
                                  *
vs.                               * CIVIL ACTION NO. 19-00428-JB-B
                                  *
CYNTHIA STEWART, *et al.*,        *
                                  *
    Defendants.                   *

**REPORT AND RECOMMENDATION**

Plaintiff Andre Deon Jones, an Alabama prisoner proceeding *pro se* and *in forma pauperis*, filed the instant action seeking relief under 42 U.S.C. § 1983, which has been referred to the undersigned Magistrate Judge for appropriate action pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R).  After careful review of the amended complaint (Doc. 6), it is recommended that this action be dismissed without prejudice, prior to service of process, as malicious pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**I.  Legal Standards for Screening a Complaint for Maliciousness.**

Because Jones requested and has been granted leave to proceed *in forma pauperis* (Docs. 2, 4), the Court is required to screen his amended complaint (Doc. 6) under 28 U.S.C. § 1915(e)(2)(B). That section requires the dismissal of an *in forma pauperis* prisoner action if it is determined that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune

from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). An action is deemed malicious under § 1915(e)(2)(B)(i) when a prisoner plaintiff affirmatively misrepresents his prior litigation history on a complaint form requiring disclosure of such history and signs it under penalty of perjury, as such a complaint is an abuse of the judicial process warranting dismissal without prejudice as malicious. See Rivera v. Allin, 144 F.3d 719, 731 (11th Cir. 1998) (affirming the counting of an action that was dismissed for abuse of the judicial process because the inmate lied under penalty of perjury about the existence of a prior lawsuit as a strike under 28 U.S.C. § 1915(g)), overruled on other grounds by Jones v. Bock, 549 U.S. 199, 215-17 (2007); see also Schmidt v. Navarro, 576 F. App'x 897, 898-99 (11th Cir. 2014) (per curiam) (finding that district court did not abuse its discretion in dismissing prisoner's complaint without prejudice for failing to disclose two previously dismissed federal actions on his complaint form); Sears v. Haas, 509 F. App'x 935, 935-36 (11th Cir. 2013) (per curiam) (affirming dismissal of prisoner's action without prejudice where, in a complaint signed under penalty of perjury, the inmate failed to disclose a case filed just five months before and another case dismissed years earlier for failure to state a claim); Harris v. Warden, 498 F. App'x 962, 964 (11th Cir. 2012) (per curiam) (affirming dismissal of action without prejudice for abuse of the judicial process when the inmate failed to disclose the type of cases the complaint form required him to disclose); Jackson v.

2

Fla. Dep't of Corr., 491 F. App'x 129, 131-32 (11th Cir. 2012) (per curiam) (affirming dismissal of an inmate's action without prejudice when he avowed on the complaint form under the penalty of perjury that he had never had an action dismissed prior to service of process, even though he had at least one), cert. denied, 569 U.S. 960 (2013); Redmon v. Lake Cnty. Sheriff's Office, 414 F. App'x 221, 223, 225-26 (11th Cir. 2011) (per curiam) (affirming the dismissal of an inmate's action without prejudice when he filed a complaint signed under penalty of perjury and did not disclose a prior lawsuit relating to his imprisonment or conditions of imprisonment when the complaint form asked for disclosure of such lawsuits).

When an action is dismissed without prejudice as malicious, the Court must consider whether the action may be re-filed. See Schmidt, 576 F. App'x at 899 (affirming the dismissal without prejudice of an action for the plaintiff's failure to disclose prior lawsuits because the statute of limitations had not expired and the complaint could be re-filed). When the statute of limitations has expired, a dismissal without prejudice is tantamount to a dismissal with prejudice, because a plaintiff is unable to re-file a viable action, and the court should then consider lesser sanctions. Stephenson v. Warden, Doe, 554 F. App'x 835, 837 (11th Cir. 2014) (per curiam); Hines v. Thomas, 604 F. App'x 796, 800 (11th Cir. 2015) (per curiam). In Alabama, the statute of limitations for filing a § 1983 action is two years.

Lufkin v. McCallum, 956 F.2d 1104, 1105, 1108 n.2 (11th Cir. 1992), cert. denied, 506 U.S. 917 (1992); Ala. Code § 6-2-38(l).

**II.  Analysis.**

In the present action, the complaint form asked Jones whether he had filed any other lawsuits in state or federal court relating to his imprisonment. (Doc. 6 at 3). Jones denied having filed other lawsuits relating to his imprisonment. (Id.). Jones then proceeded to sign his complaint under penalty of perjury. (Id. at 7).

In screening Jones' complaint under 28 U.S.C. § 1915(e)(2)(B), the Court discovered in its examination of PACER (Public Access to Court Electronic Records)[1] that Jones previously filed two other actions relating to his imprisonment, of which he did not advise the Court, namely, Jones v. Hetzel, 2:12-cv-00720-WKW-CSC (M.D. Ala. filed Aug. 13, 2012)[2] and Jones v. Ellington, 2:17-cv-00026-WKW-TFM (M.D. Ala. filed Jan. 7, 2017). In Hetzel, Jones filed § 1983 complaint challenging actions and conditions to which he was subjected at Easterling Correctional Facility, alleging, *inter alia*, that the defendants acted with deliberate

---

[1] The Court takes judicial notice of the U.S. Party/Case Index, PACER Service Center, available at http://pacer.psc.uscourts.gov. See Grandinetti v. Clinton, 2007 U.S. Dist. LEXIS 43425, at *2, 2007 WL 1624817, at *1 (M.D. Ala. Apr. 5, 2007).

[2] Under the mailbox rule, absent contrary evidence, a prisoner's motion is deemed filed on the date it is delivered to prison officials for mailing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001).

indifference toward his safety, stole or diverted legal mail, denied him access to legal materials, and placed him in administrative segregation without procedural due process. ECF No. 9. He sought injunctive relief. Id. at 20-21. The Hetzel case was dismissed after Jones failed to comply with an order of the Court. ECF No. 24, 25, 26.

In Ellington, Jones filed a § 1983 complaint against the warden and several other correctional employees at Draper Correctional Facility. ECF No. 1. He alleged that the defendants violated his right to be free from cruel and unusual punishment, and he complained of various actions and conditions at the facility. (Id.). Prior to service of the complaint, Jones voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). ECF No. 25, 29.

Notwithstanding the fact that the complaint form in this action expressly requested information about any prior lawsuits Jones filed relating to his incarceration, he did not disclose the existence of his two prior § 1983 lawsuits above-referenced. On Jones' amended complaint form, he checked the "No" box in response to the question regarding any other lawsuits relating to his imprisonment. (See Doc. 6 at 3). He also wrote "N/A" (not applicable) in response to the section that sought specific information about any previous lawsuits relating to his imprisonment. (See id.). Accordingly, there can be no question that when Jones filed his amended complaint on August 15, 2019, he

5

knowingly chose not to list all his prior actions and then proceeded to sign his complaint under penalty of perjury, notwithstanding his misrepresentations. (See id. at 7).

The Court's complaint form requests information about prior actions from a prisoner plaintiff to assist in determining whether the prisoner's action is barred under 28 U.S.C. § 1915(g) (the "three-strikes" rule), whether the action is connected to another action, and whether the plaintiff is familiar with litigating his claims. See Doctor v. Nichols, 2015 U.S. Dist. LEXIS 124946, at *9-10, 2015 WL 5546397, at *3 (N.D. Fla. Aug. 19, 2015). When a prisoner fails to provide information about all of his prior actions on the complaint form, the Court is deprived of this knowledge and is forced to expend more time and resources than would otherwise be necessary. Doctor, 2015 U.S. Dist. LEXIS 124946, at *10, 2015 WL 5546397, at *3.

Moreover, the judicial system is structured so that when a plaintiff files a civil action, he certifies to the court that his signed pleading, filing, or other paper "to the best of [his] knowledge, information and belief, formed after an inquiry reasonable under the circumstances . . . is not being presented for any improper purpose, . . . [and] the factual contentions have evidentiary support . . . ." Fed. R. Civ. P. 11(a) & (b)(1) & (3). The purpose of Rule 11 is to impress on the signer his personal responsibility for validating "the truth and legal reasonableness of the document" he is filing, which assists in

6

conserving the court system's resources and in avoiding unnecessary proceedings.  Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc., 498 U.S. 533, 543, 547 (1991).

Because Jones was not truthful to the Court about his prior litigation on his complaint form, his action is subject to being dismissed as malicious for abuse of the judicial process.  The only reason the undersigned would not recommend dismissing this action without prejudice is if the present action could not be re-filed because the two-year statute of limitations for a § 1983 action had expired.

An examination of the complaint reflects that Jones names as Defendants Cynthia Stewart and Warden Raybon, who are both Wardens at Holman Correctional Facility ("Holman"), and Classification Specialist Despain, a correctional employee at Holman. (Doc. 6 at 5).  Jones alleges that he was stabbed by another inmate on May 15, 2019. (Id. at 5, 8).  He complains that he has been held in segregation without due process since the stabbing, and he alleges that the Defendants have refused his requests to be released back into general population for no valid reason.  (Id. at 5, 8-10). He further complains about the conditions in the prison's segregation unit.  (Id. at 8-9).  He requests injunctive relief, release from segregration, removal of inmate Earl Mannassa from his enemy list, a federal investigation, and for "defendants to stop tampering with incoming mail."  (Id. at 7, 11).

7

Considering that the actions complained of are alleged to have occurred on May 15, 2019 at the earliest, Jones has the ability to re-file his action before the two-year statute of limitations expires, if he elects to do so.[3]  Because this action can be re-filed, this action is due to be dismissed without prejudice as malicious.

**III. Conclusion.**

For the foregoing reasons, it is recommended that this action be dismissed without prejudice, prior to service of process, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), because it is malicious.

### NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[3] The docket reflects that Jones filed a Motion for Temporary Restraining Order/Preliminary Injunction (Doc. 7) on September 3, 2019.  The relief sought in Jones' motion is substantially similar to the relief sought in his § 1983 complaint, namely, a permanent or preliminary injunction, release from segregation, removal of inmate Earl Mannassa from his enemy list, and for "defendants to stop violating his rights to due process." (See Doc. 7 at 4; Doc. 6 at 7, 11).  If Jones elects to re-file this action, he may also re-file his Motion for Temporary Restraining Order/Preliminary Injunction in the newly filed action.

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **27th** day of **December, 2019.**

/s/ SONJA F. BIVINS
**UNITED STATES MAGISTRATE JUDGE**